Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4346 | **DATE** | September 23, 2002 |
| **CASE TITLE** | \multicolumn{3}{l}{*District No. 8 v. Grindmaster*} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The Union's motion to confirm [2-1] is denied without prejudice. Enter Memorandum and Order. This case is set for status on October 11, 2002, at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DISTRICT NO. 8, INTERNATIONAL )
ASSOCIATION OF MACHINISTS, )
AFL-CIO, )
    Plaintiff, )
        )
v. )  02 C 4346
        )
GRINDMASTER CRATHCO SYSTEMS, )
INC., )
    Defendant. )

DOCKETED
SEP 2 4 2002

## MEMORANDUM AND ORDER

District No. 8, International Association of Machinists, AFL-CIO ("the Union") seeks to confirm an arbitration award against Grindmaster Crathco Systems, Inc. ("Grindmaster") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, ("the FAA") and the Labor-Management Relations Act, 29 U.S.C. § 185 ("the LMRA"). Confirmation turns, in part, on whether the Union properly served Grindmaster. For the following reasons, the court finds that the Union did not do so, so its motion is denied without prejudice.

## Discussion

Grindmaster, which manufactures coffee grinding and brewing equipment, employs members of the Union. The Union and Grindmaster entered into a collective bargaining agreement ("CBA") which contained an arbitration clause. The parties entered into arbitration when the Union claimed that Grindmaster had failed to increase certain employees' base pay as required by the CBA. The arbitrator ruled in favor of the Union, and the Union filed a motion to confirm the arbitration award, claiming that Grindmaster failed to comply with the award.

The Union noticed up its motion and served a copy of the motion on Grindmaster's counsel pursuant to the court's rules. The FAA provides for service "as prescribed by law for

service of notice of motion," 9 U.S.C. § 6, so all appears to be in order. Grindmaster, however, contends that the LMRA's service requirements apply. If so, the Union was required to file its motion as it would file a separate law suit and obtain service in conformance with Rule 4 of the Federal Rules of Civil Procedure. According to Grindmaster, the Union's service was defective, so the court lacks jurisdiction to confirm the award.

The LMRA, rather than the FAA, "confers the jurisdictional basis and corresponding source of law" for an action seeking enforcement of an arbitration award. *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 628 F.2d 1023, 1025 (7th Cir. 1980). Thus, "[in] seeking to confirm an arbitration award created by virtue of a collective bargaining agreement, recourse is to the LMRA, not the FAA." *Cleveland v. Porca Co.*, 38 F.3d 289, 296 n.5 (7th Cir. 1994), *quoting Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1244 (7th Cir. 1990).

So, what happens when the court has jurisdiction pursuant to two federal statutes (here, the FAA and the LMRA)? The Seventh Circuit has harmonized the statutes by regarding the FAA as a "prescription of procedures for a class of cases otherwise within federal jurisdiction," as opposed to a competing source of jurisdiction. *Pryner v. Tractor Supply Co v. Thosen Tractor & Equipment*, 109 F.3d 354, 359 (7th Cir. 1997). Thus, in *Pryner*, the parties disputed whether the limitations period in the FAA or the LMRA applied. The court differentiated between procedural and substantive matters. *Id.* It then found that the FAA governed substance and the LMRA governed procedure. *Id.*

This would seem to spell victory for the Union, because service of process is procedural, not substantive. The fly in the ointment, however, is that the FAA can only be used in LMRA actions when doing so does not create any tension with the LMRA or the common law of

collective bargaining agreements. *Id.* The LRMA and the FAA each have their own service requirements. The LMRA postdates the FAA and an implied repeal of portions of the FAA is disfavored unless there is no way to reconcile the two statutes. *Id.* at 358. There is no way to reconcile the two methods of service here, so the LMRA's method controls.

This all may well be a tempest in a teapot, however, because there doesn't seem to be a good reason why the Union cannot simply serve its motion in conformance with Rule 4. Indeed, the Union is still within the 120 days specified by Rule 4(m). The court makes no pronouncement on the propriety of such a procedure, but simply brings it to the parties' attention. The court also notes that jurisdiction under both the FAA and the LMRA is proper; failure to serve a complaint properly does not divest the court of subject matter jurisdiction.

For now, however, the court will limit its holding to the FAA/LMRA issue. For the above reasons, the LMRA's service rules trump the FAA's service rules. Because the Union did not effect service in accordance with Rule 4, the court cannot reach the merits at this time.

## Conclusion

The Union's motion to confirm [2-1] is denied without prejudice.

DATE:

Blanche M. Manning
United States District Judge

02cv4346.arbitration

-3-